BERT D. PARKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VIOLET L. PARKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20653, 20654. Promulgated June 17, 1949.

*Neil D. McCarthy, Esq.,* for the petitioners.
*Robert H. Kinderman, Esq.,* for the respondent.

### OPINION.

DISNEY, *Judge*: This matter arises on respondent's motions to dismiss for lack of jurisdiction, on the ground that the petitions were filed on the ninety-first day after mailing of the notices of deficiency. The petitioners do not controvert that fact, but oppose the motions on the ground that the notices of deficiency were not sent to the petitioners' last known address. From evidence adduced and stipulations made, we find the facts, which are identical as to each petitioner, to be as follows:

Notice of deficiency was mailed by the Commissioner of Internal Revenue to each of the petitioners by registered mail on July 15, 1948. It was addressed to 3619 East Gage Avenue, Bell, California, and was in due course received by each of the petitioners at that address. It recited, in part, that a copy "has been mailed to your representative, Mr. Monroe F. Marsh, c/o Edling, Hightower & Hunt, 424 South Beverly Drive, Beverly Hills, California, in accordance with the authorization contained in the power of attorney executed

by you." Petition was filed by each petitioner with The Tax Court of the United States on October 14, 1948, as to the calendar years 1944 and 1945. The income tax return of each petitioner for 1944 was received March 15, 1945, by the collector for the sixth district of California, and recited 6340 Loma Vista Avenue, Bell, California, as address. On August 12, 1947, the internal revenue agent in charge, Los Angeles division, received a power of attorney reciting, in pertinent part, as follows:

> KNOW ALL MEN BY THESE PRESENTS, That I,
>
> BERT D. PARKER
> _____
> Bell Machine Co.
> 3619 East Gage Avenue, Bell, California
> _____
> ADDRESS
>
> hereby make, constitute and appoint   *   *   *
>
> MONROE F. MARSH
> _____
> % Edling, Hightower & Hunt
> _____
> 424 S. Beverly Drive, Beverly Hills, California
> _____
>
> my true and lawful attorney   *   *   *.
>
> And I hereby request and direct that all correspondence, documents, warrants or other data in connection with this matter be sent in care of
> Monroe F. Marsh
> _____
>
> *     *     *     *     *     *     *

The power of attorney was dated and was acknowledged on July 25, 1947. Under dates of January 14–15, 1948, Bert D. Parker and the Commissioner executed a consent fixing period of limitation upon assessment, extending the time for assessment for the year 1944 to June 30, 1949. The record is the same as to Violet L. Parker. Under date of October 17, 1947, the internal revenue agent in charge at Los Angeles, California, wrote Monroe F. Marsh, c/o Edling, Hightower & Hunt, 424 So. Beverly Drive, Beverly Hills, California, in regard to Maude R. Parker, 5411 Maywood Ave., Maywood, California, as to the years 1944 and 1945, reciting that a copy of report was enclosed, with letter to the taxpayer (Maude R. Parker), the report being furnished in accordance with power of attorney; and a similar letter was sent to the taxpayer at the address stated on the deficiency notice. Under date of December 8, 1947, the internal revenue agent in charge at Los Angeles, California, wrote the petitioners in care of Monroe F. Marsh with reference to protest as to the years 1944 and 1945, and set a hearing with a conferee for December 15, 1947. Under date of February 6, 1948, the acting internal revenue agent in charge at Los Angeles, California, wrote Bert D. Parker in care of Monroe F. Marsh, stating, *inter alia*, with reference to his protest as to income taxes for 1944 and 1945, that the file was being referred to the Pacific Division

of the Technical Staff for hearing. Similar letters with the same date went to Violet L. Parker and Maude R. Parker. Under date of June 9, 1948, the Treasury Department, through J. B. Harlacher, Head, Pacific Division, Technical Staff, wrote Monroe F. Marsh on the subject of Bert D. Parker and Violet L. Parker "6340 Loma Vista Avenue, Bell, California," and Maude R. Parker, "5411 Maywood Avenue, Maywood, California," as to income tax years 1944 and 1945, and, *inter alia*, informed him that the cases had been returned to the office of the revenue agent in charge, Los Angeles, California. In all of the above letters the address of Monroe F. Marsh was given as 424 South Beverly Drive, Beverly Hills, California. Monroe F. Marsh filed the petitions here involved as counsel for the petitioners, and filed motions for change of venue. Hearing upon the motions was held at Los Angeles, California.

We find as an ultimate fact that the Commissioner mailed, by registered mail, the deficiency notices to the petitioners' last address known to him.

Petitioners' position is that the last known address of the petitioners was 424 South Beverly Drive, in care of their attorney, they having in the powers of attorney requested that "all correspondence, documents, warrants or other data in connection with this matter be sent in care of Monroe F. Marsh," whose address had appeared earlier in the power of attorney. It is stipulated that the notices were received by the petitioners in due course at 3619 East Gage Avenue, Bell, California. That address had appeared below the name of each petitioner in the powers of attorney. The question presented to us is, therefore, whether, a petitioner having given both his own address and the address of an attorney in a power of attorney, the Commissioner is required to mail the notice of deficiency to the attorney at the address given for the attorney, instead of to the petitioner at his own address, because the petitioner has directed "all correspondence, documents, warrants or other data" to be sent in care of his attorney; and whether we should hold the deficiency notice insufficient to start the ninety-day period of limitation running despite the fact that the notices of deficiency were, as stipulated, received by the petitioners in due course at the address to which sent, that is, 3619 East Gage Avenue, Bell, California, the address given below the names of the petitioners on the power of attorney.

After carefully considering the record before us and the briefs of counsel, we have come to the conclusion and we hold that the Commissioner was not required under the facts here to mail the deficiency notice to the petitioners in care of their attorney, Monroe F. Marsh, 424 South Beverly Drive, Beverly Hills, California, that the last address of the petitioners known to the Commissioner was 3619 East

Gage Avenue, Bell, California, that the notices of deficiency were proper, that the petitions were not filed within ninety days thereafter, and that the petitions should be dismissed. There is no contention that the mailing was not by registered mail. The critical question is whether, though giving the Commissioner an address for himself, the taxpayer may require him to mail a notice of deficiency to some other designated address. The statute, section 272 (k), merely states that the notice shall be sufficient if mailed to the taxpayer at his last known address. The question of last known address is one of fact. *Maxfield* v. *Commissioner*, 153 Fed. (2d) 325. We do not understand the petitioners here to contend that there was any address known to the respondent later than the notification of 3619 East Gage Avenue, except the address given in the power of attorney as that of the attorney. Section 272 (k) makes no reference to any address designated by the taxpayer, but only to *his* address. It is true that in this case the agents of the Treasury Department did, after the date of the power of attorney, direct correspondence with reference to taxation for the taxable years here involved to Monroe F. Marsh, the attorney designated, and also addressed the petitioners on two occasions in care of Marsh at his address; but we do not see in the directive contained in the power of attorney, that "correspondence, documents, warrants or other data" be sent in care of Monroe F. Marsh, any requirement that the notice of deficiency be sent to any address other than that of the address given for the petitioner in the power of attorney and appearing therein prior to the address of the attorney. The directive does not, in text, refer to the notice of deficiency. In the face of the statute stating that such notice is sufficient if mailed to the last known address of the taxpayer, the Commissioner would not have been justified, in our view, in addressing the deficiency notice in care of the attorney. Moreover, no authority is cited to us, or found, to the effect that a deficiency notice if actually and promptly delivered to the taxpayer, even though wrongly addressed, is not sufficient to start the ninety-day period of limitation. *Kay Mfg. Co.*, 18 B. T. A. 753; affd., 53 Fed. (2d) 1083. A registered letter mailed to an incorrect address but actually delivered to taxpayer at the correct address is sufficient. *Whitmer* v. *Lucas*, 53 Fed. (2d) 1007. Here the petitioners actually received these notices in due course; and, in fact, there is no evidence before us that copies thereof were not also received by the attorney, in accordance with the recitation in the deficiency notice that copies were being sent to him, at 424 South Beverly Drive, Beverly Hills, California. The facts before us do not indicate that the delay in filing the petitions was caused by any failure to service the notices on the attorney rather than on the petitioners themselves. At trial counsel for petitioners stated that the notice "did hang

around the Petitioner's office a while, then was sent to the attorney, and we filed an appeal one day late." The notices when received bore the date thereof and all parties were thereby notified that appeal must be filed within ninety days therefrom. The record of appearances before us is inconclusive as to whether or not Monroe F. Marsh was actually present, but at any rate he was attorney of record and evidence could have been produced as to whether the notices were actually delivered to him by copy, pursuant to the direction given in the power of attorney. With affirmative showing of actual delivery of the deficiency notices in due course after proper mailing to an address given by the taxpayer as his own, and in the absence of any showing that copies thereof were not mailed to the other address given by him, that is, his attorney's address, it is clear, we think, that the petitioners fail to show reason why the usual period of limitation was not initiated by the deficiency notices. No logical reason appears for preferring the one address, that of the attorney, over the other, that of the taxpayer, when both are given in the power of attorney, and the statute speaks only of the address of the taxpayer. The statute providing that notice to the taxpayer at his address shall be sufficient, we see no ground for saying that it is insufficient merely because of a direction given by the taxpayer which showed on its face that the attorney's address was different from that of the taxpayer. The fact that other letters with reference to the petitioners and the taxable years were mailed by the Bureau of Internal Revenue to the attorney does not control this question. *Estate of George F. Hurd*, 9 T. C. 681.

The petitions, having been filed more than ninety days after the mailing by registered mail to the petitioners at their last known address, are

*Dismissed for lack of jurisdiction.*