MILTON BERGER AND RUTH K. BERGER, DECEASED, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5173–66—5175–66.   Filed September 19, 1967.

[1] Cases of the following petitioners are consolidated herewith: Pennsylvania Papyrus Corp., docket No. 5174–66; and Joseph Yovanovich and Anna Yovanovich, docket No. 5175–66.

*Jules I. Whitman,* for the petitioners.
*Leo A. Burgoyne,* for the respondent.

OPINION

TIETJENS, *Judge:* These consolidated proceedings involve income tax deficiencies and addition to tax as follows:

| Petitioner | Docket No. | Taxable year | Deficiency | Addition to tax sec. 6651(a) |
|---|---|---|---|---|
| Milton Berger and Ruth K. Berger, deceased_____ | 5173-66 | 1960 | $1,045.61 | _____ |
| | | 1961 | 1,634.80 | _____ |
| | | 1962 | 2,579.43 | _____ |
| Pennsylvania Papyrus Corp_____ | 5174-66 | 4-30-61 | 5,115.26 | |
| | | 4-30-62 | 31,033.22 | $7,758.30 |
| | | 4-30-63 | 26,135.90 | |
| Joseph Yovanovich and Anna Yovanovich_____ | 5175-66 | 1960 | 765.97 | _____ |
| | | 1961 | 2,562.71 | _____ |
| | | 1962 | 5,629.61 | _____ |

The sole issue is whether the Commissioner validly issued notices of deficiency to the petitioners in accordance with section 6212 of the Internal Revenue Code of 1954.[2]

All of the facts are stipulated, and are so found. The stipulations and exhibits thereto are incorporated herein by this reference.

Milton Berger (hereinafter sometimes referred to as Berger) and Ruth K. Berger filed their income tax returns for the taxable years 1960, 1961, and 1962 with the district director of internal revenue, Philadelphia, Pa., and set forth their address to be: Oak Lane Manor Apts., Melrose Park 26, Pa.

Pennsylvania Papyrus Corporation (hereinafter sometimes referred to as Papyrus) is incorporated under the laws of Pennsylvania. Its income tax returns for the taxable years ended April 30, 1961, April 30, 1962, and April 30, 1963, were filed with the district director of internal revenue, Camden, N.J., and set forth the address of the corporation to be: 650 Delaware Avenue, Camden, N.J.

Joseph and Anna Yovanovich filed their income tax returns for the taxable years 1960, 1961, and 1962 with the district director of internal revenue, Philadelphia, Pa., and set forth their address to be: 1415 Orchard Way, Rosemont, Pa.

On April 30, 1965, the district director of internal revenue at Newark, N.J., mailed 30-day letters to each petitioner at their respective addresses as stated above.

---

[2] All statutory references are to the Internal Revenue Code of 1954.

On May 19, 1965, photostatic copies of a power of attorney on behalf of each of the petitioners, covering the years here involved, were filed with the district director of internal revenue at Newark, N.J. The petitioners listed their addresses on the powers. These addresses were identical with the ones shown on their tax returns and the 30-day letters. These powers were the only ones filed and still continue in full force and effect.

The form of the power of attorney utilized by petitioners was U.S. Treasury Department — Internal Revenue Service Form 2848 (March 1964).

Each form contained the following printed provision: "Copies of correspondence addressed to the taxpayer in proceedings involving the above matter(s) should be sent to:". In each of the three powers of attorney, the words "Copies of" were stricken, so that the instruction read: "correspondence addressed to the taxpayer in proceedings involving the above matter(s) should be sent to:", and immediately following the colon there was inserted the following: "Jules I. Whitman, Esq., 2635 Fidelity-Phila. Trust Bldg., 123 S. Broad Street, Philadelphia, Pa. 19109." In each of the powers Jules I. Whitman and Richard L. Levy, of the same address, and Milton Berger, 2200 Girard Trust Building, Philadelphia, Pa., were designated as attorneys-in-fact. This deletion on these powers of attorney was contrary to the directions on the back of the forms. The instructions concerning the authority delegated stated:

If this form is used, none of the delegations of authority printed on the face of the form may be deleted. If a limited delegation of authority is desired, Form 2848-A may be used.

These powers were transmitted by letter signed by Jules I. Whitman (hereinafter referred to as Whitman).

Subsequently, protests were filed in each of the three cases, which stated the name and address of the petitioner to be:

Milton Berger and Ruth K. Berger, Deceased
Oak Lane Manor Apts.
Melrose Park 26, Pennsylvania

Pennsylvania Papyrus Corporation
650 Delaware Ave.
Camden, New Jersey

Joseph and Anna Yovanovich
1415 Orchard Way
Rosemont, Pa.

The addresses in the protests were prepared by the petitioners and conformed with the instructions contained in I.R.S. Pub. No. 5. This publication was transmitted to petitioners as an attachment to the 30-day letters. It instructed the individual petitioners to show their

residence address, and the corporation, the address of the principal office or place of business.

On September 24, 1965, the district director sent letters (Form L–201) to the petitioners at the same addresses as set forth in the 30-day letters. The purpose of these letters was to arrange conferences between petitioners and the office of the district director. On the same day the district director sent a letter (Form L–146) to Whitman, transmitting with such letter copies of the letters sent to petitioners. The body of the letter to Whitman stated:

As authorized in a power of attorney on file, we are forwarding, for your information, the enclosed copy of a letter of this date addressed to the taxpayers named below.

No written exceptions were made to the fact that these letters were mailed to the petitioners rather than to Whitman.

Subsequently, on several occasions the office of the district director at Newark, N.J., mailed directly to Whitman Form 872 consents to extend the period of limitations in all three cases. Each time Whitman procured their execution and mailed them to the district director at Newark, N.J., requesting in his letter that an executed copy be returned to him.

All the Form 872 consents mailed to Whitman utilized the same addresses with respect to the petitioners as were ultimately employed in the 30-day letters, powers of attorney, protests, and notices of deficiency.

On one occasion the district director at Newark, N.J., mailed Forms 872 in respect to all three cases to Milton Berger at his office. This was done at Whitman's oral request to expedite matters since Whitman anticipated being away from his office.

On June 3, 1966, the Commissioner sent notices of deficiency by certified mail to the various petitioners at the following addresses:

Estate of Ruth Berger, Dec'd.
Milton Berger, Surviving Spouse
Oak Lane Manor Apts.
Melrose Park 26, Pennsylvania

Pennsylvania Papyrus Corporation
650 Delaware Avenue
Camden, New Jersey

Joseph and Anna Yovanovich
1415 Orchard Way
Rosemont, Pennsylvania

Said notices were received by Papyrus and the Yovanovichs in the ordinary course of the mails, by delivery to the above specified addresses. At the time the notice of deficiency was mailed to Berger, he resided at a new address, Penn Towers Apts., 1801 John F. Kennedy Boulevard, Philadelphia, Pa. Berger had not informed the

respondent of this change. Berger received the notice, at his new address, in ample time so that had he elected he could have filed a timely petition.

On the same day, the Commissioner sent by ordinary mail a copy of the notices of deficiency to:

Jules I. Whitman, Esq.
2635 Fidelity-Philadelphia Trust Bldg.
123 South Broad Street
Philadelphia, Pennsylvania 19109

Each copy of the notices of deficiency was received by Whitman in the ordinary course of the mails.

The copies of the notices of deficiency sent to Whitman were transmitted by a letter to him which stated: "As authorized in a power of attorney on file, we are forwarding, for your information, the enclosed copy of a letter of this date addressed to the taxpayer or taxpayers named below." Each of the notices sent to the petitioners stated: "A copy of this letter and statement has been forwarded to your representative, Mr. Jules I. Whitman, 2635 Fidelity-Philadelphia Trust Building, 123 South Broad Street, Philadelphia, Pennsylvania, in accordance with the authority contained in the power of attorney executed by you."

Each of the petitions giving rise to these proceedings was mailed to the Tax Court of the United States on Friday, September 9, 1966, 98 days after the mailing of the notices of deficiency.

Both parties have moved to dismiss the petitions for lack of jurisdiction: the respondent, because the petitions were out of time; the petitioners, because the notices of deficiency were inadequate since they were not mailed to petitioners' last-known addresses within the meaning of section 6212(b) (1), I.R.C. 1954.

Denial of petitioners' motion disposes of the case. There is no contention that the petitions were filed on time. We decide the case by granting respondent's motion and denying that of petitioners.

The basis for this decision should be apparent from a summary of the stipulated facts.

On June 3, 1966, the respondent sent notices of deficiency by certified mail to each petitioner, addressed as follows:

Estate of Ruth Berger, Dec'd.
Milton Berger, Surviving Spouse
Oak Lane Manor Apts.
Melrose Park 26, Pennsylvania

Pennsylvania Papyrus Corporation
650 Delaware Avenue
Camden, New Jersey

Joseph and Anna Yovanovich
1415 Orchard Way
Rosemont, Pennsylvania

These notices were received by Papyrus and the Yovanovichs in the ordinary course of the mails by delivery to the above-specified addresses. At the time the notice of deficiency was mailed to Berger, he already resided at his present address, Penn Towers Apts., 1801 John F. Kennedy Boulevard, Philadelphia, Pa. Berger nevertheless received the deficiency notice in sufficient time to file a timely petition in this Court if he had so elected. Berger gave no notice to respondent of this change of address for the purpose of mailing the notice of deficiency. Each of the other petitioners also received the notice in ample time to have permitted them to file timely petitions here. A copy of these notices of deficiency were sent by letter to Whitman, petitioners' attorney, at the address given in the powers of attorney, and received by him.

As in *Bert D. Parker*, 12 T.C. 1079, the only real question is whether the terms of the powers of attorney filed on May 19, 1965, which requested or instructed that correspondence between the respondent and the petitioners involving proceedings in these matters should be sent to their attorney, thereby required the respondent (almost at his peril if he did not) to send every original document to the attorney's address, rather than to the petitioner's ordinary and accepted address for other purposes.

We do not think that the statutory scheme, or even common sense, required respondent to follow that course alone. The petitioners in fact received the deficiency notices by certified mail addressed to the addresses shown on their returns and in the powers of attorney. The attorney received copies of the notices. All this, apparently, was in ample time for them to have filed petitions in this Court. They make no argument to the contrary. The petitioners were not misled in any respect. They did not show they were in any way prejudiced. For all petitioners have proved, they sat by, perhaps deliberately, until after the period for filing petitions in this Court expired, then for some unexplained reason apparently tried to invoke the Court's jurisdiction by filing petitions, and then subsequently denied the Court's jurisdiction on the ground they had received inadequate or invalid notices of deficiency.

Under these facts we conclude that the notices of deficiency were validly issued. The purpose of the statutory provisions is to establish a procedure insuring a high degree of probability that the taxpayer would receive the deficiency notice. *Clement Brzezinski*, 23 T.C. 192; and all facts are to be examined to determine whether this purpose has been fulfilled. See *Langdon P. Marvin, Jr.*, 40 T.C. 982; *Bert D. Parker*, 12 T.C. 1079; *Dolezilek* v. *Commissioner*, 212 F. 2d 458.

*Bert D. Parker*, *supra*, dealt with a situation strikingly similar to the one before us. There the taxpayer had designated one address

in their returns as their own and later executed a power of attorney directing that "all correspondence, documents, warrants or other data" in connection with taxation, be sent to their attorney, whose address was also given in the power. The Court said, at page 1081:

The question presented to us is, therefore, whether, a petitioner having given both his own address and the address of an attorney in a power of attorney, the Commissioner is required to mail the notice of deficiency to the attorney at the address given for the attorney, instead of to the petitioner at his own address * * *

We answered this question in the negative and dismissed for lack of jurisdiction for late filing.

Among numerous other cases, which we think are distinguishable, petitioners rely on *D'Andrea* v. *Commissioner*, 263 F. 2d 904, reversing an unreported order of this Court. Why the appellate court decided *D'Andrea* as it did is not entirely clear to us, but it appears, first, that there the taxpayer (although the Commissioner might not have known the reason) executed the power of attorney because he intended shortly to move and actually did move. Secondly, the registered letter containing the notice was not delivered to the taxpayer. These factors distinguish *D'Andrea* from the present case.

Petitioners also rely on Rev. Proc. 61–18, 1961–2 C.B. 550, which provides that:

In general, it will be the Internal Revenue Service practice to regard the address of the taxpayer's duly authorized representative as constituting the last known address of the taxpayer within the meaning of section 6212(b) of the Internal Revenue Code of 1954 in cases where, subsequent to the date on which he files a return for the taxable year, or concurrently with such filing, the taxpayer files a power of attorney with the Internal Revenue Service which authorizes the designated attorney to represent him and requests that *all* communications concerning his tax matters with regard thereto, or concerning a proposed deficiency in tax for that taxable year, be mailed to his attorney at his attorney's address. See *Mary Jo Williams, Administrator*, v. *United States*, 264 Fed. (2d) 227 (1959) certiorari denied, 361 U.S. 862, and *Marjorie F. Birnie* v. *Commissioner*, 16 T.C. 861 (1951).

Whatever sympathy this "In general" statement of practice might elicit for petitioners, we do not think it ties respondent's hands. In the first place, it is not a regulation. Neither have petitioners shown, if it makes any difference, that they had placed any reliance on the procedure, to their detriment. Further, the procedure goes on to say:

Under different facts and circumstances, a determination as to what is the taxpayer's last known address will still be made on the basis of the particular facts involved, the requirements of section 6212(b) of the Code and the applicable case law. * * *

We think that whether a notice of deficiency has been legally issued remains a question for the Court to determine.

As stated above, we dismiss the petitions on respondent's motion because we hold that the notices of deficiency were legally issued and the petitions were filed after expiration of the 90-day period.

*Dismissed for lack of jurisdiction.*