MURRAY EISENBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eisenberg v. Commissioner
Docket No. 20573-82.
United States Tax Court
T.C. Memo 1983-767; 1983 Tax Ct. Memo LEXIS 21; 47 T.C.M. (CCH) 729; T.C.M. (RIA) 83767; December 21, 1983. Miriam F. Miquelon *22 and Kris Daniel, for the petitioner. Eileen Murphy and Carleton E. Knechtel, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent's motion is based upon the alleged failure of petitioner to file his petition in this Court within 90 days of issuance of respondent's statutory notice of deficiency, as required by section 6213 [1] or section 7502. Respondent's motion was filed on October 15, 1982, and heard on January 20, 1983. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Murray Eisenberg resided in Chicago, Illinois, when he filed his petition in this case. Petitioner resided in Wheaton, Illinois, when he and his then wife, Lisa, filed their joint Federal income tax return for 1978 with the Internal Revenue Service Center in Kansas City, Missouri. The address set out in the return was 1622 Wadham Court, *23 Wheaton, Illinois, 60187 (Wheaton address). Petitioner and Lisa were divorced on February 2, 1979. Petitioner moved to 1219 W. North Shore Avenue, Chicago, Illinois, 60629 (North Shore address), on April 1, 1982. Petitioner rented one bedroom at the North Shore address and shared the accommodation with David Jenkins, who rented another bedroom. Petitioner and Mr. Jenkins did not know each other prior to entering into this arrangement. Petitioner and Mr. Jenkins had an agreement whereby all mail delivered to the mailbox for the North Shore address would be removed by the first person to reach the box after a delivery. All mail addressed to the person not bringing in the mail was placed on a table by the front door of the North Shore premises. During the course of respondent's examination of petitioner and Lisa's return for 1978, one of respondent's agents became aware of petitioner's move to the North Shore premises. Respondent's agent made a note of the North Shore address and attached the note to the 1978 return sometime during April 1982. Shortly thereafter, respondent determined a deficiency in petitioner and Lisa's Federal income tax for 1978. On May 11, 1982, respondent *24 placed in the mail duplicate joint notices of deficiency to petitioner and Lisa, addressed to the Wheaton address, the North Shore address, and an address in Studio City, California, each by certified mail in accordance with Post Office regulations. The notices of deficiency addressed, respectively, to the Wheaton address and to Studio City were returned to respondent by the Post Office and were marked unclaimed. The notice of deficiency addressed to the North Shore address was delivered to the North Shore address by a mail carrier on May 13, 1982. The notice was received by Mr. Jenkins who signed a Post Office delivery receipt on P.S. Form 3848. Petitioner became aware of the notice of deficiency within several days of its delivery, and certainly within the month of May. The North Shore address was petitioner's last known address during May 1982. Petitioner filed his petition in this case on August 10, 1982, 91 days after the date of mailing of the deficiency notice by respondent. Respondent filed a motion to dismiss the petition for lack of jurisdiction. As a preliminary matter, we take up petitioner's motion to strike from the record the testimony of certain witnesses called *25 by respondent in rebuttal to petitioner's evidence. Respondent called two witnesses to testify in rebuttal on matters concerning the delivery of the deficiency notice to the North Shore address and the nature of the arrangements between petitioner and Mr. Jenkins. Petitioner moved to strike the testimony of both witnesses on the ground that respondent should have offered such testimony in its case in chief and could not thereafter offer the testimony in rebuttal.Petitioner bases his objection on the theory respondent must show in its case in chief that its notice of deficiency was not only placed into the mail as certified mail, but also delivered by the Post Office in accordance with all applicable rules and regulations of the Post Office. However, in cases where a notice of deficiency is sent to the last known address of the taxpayer, and this is such a case, the Commissioner is not required generally to show anything more than he properly placed the notice in the mail as certified mail or registered mail. Cataldo v. Commissioner,60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Respondent was not required to present such testimony *26 in its case in chief. See 6 Wigmore, Evidence, sec. 1873 (1976 & Supp. 1982). Accordingly, petitioner's motion is denied. We not turn to the jurisdiction issue. Respondent moves to dismiss for petitioner's failure to file a petition with this Court within the 90-day period required by section 6213(a). Petitioner opposes the motion for the alleged failure of respondent to send the deficiency notice by certified mail as authorized by section 6212(a). The provisions set out in sections 6212 and 6213(a) were designed to afford a taxpayer notice of the Commissioner's determination and an opportunity to litigate the validity of such determination in this Court without first paying the claimed deficiency. Berger v. Commissioner,404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967); DeWelles v. United States,378 F.2d 37 (9th Cir. 1967); Lifter v. Commissioner,59 T.C. 818 (1973).A mailing that effectively results in actual notice is what is contemplated by the legislative plan. Clodfelter v. Commissioner,527 F.2d 754, 756 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Olsen v. Helvering,88 F.2d 650, 651 (2d Cir. 1937), *27 affg. a Memorandum Opinion of this Court; Brzezinski v. Commissioner,23 T.C. 192, 195 (1954). The notice of deficiency was addressed to petitioner's last known address and was properly placed in the mail, as certified mail, on May 11, 1982, by respondent. Petitioner does not challenge the validity of the notice as such but contends the running of the 90-day period in which to file a petition with this Court did not commence with the mailing of the notice. Petitioner urges us to hold the 90-day petition period started on a date no earlier than the date of actual receipt of the notice due to the alleged failure of the Post Office to deliver the notice to petitioner personally or, in the alternative, to have left a notice of attempted delivery of certified mail in his mailbox, rather than to have permitted Mr. Jenkins to accept delivery. Assuming for the sake of argument that the notice of deficiency was not properly mailed, it does not follow that such a failure prevents the 90-day period from commencing to run on the date of mailing. See Mulvania v. Commissioner,81 T.C. 65 (1983), on appeal (9th Cir., Oct. 21, 1983). In the present case, petitioner *28 actually became aware of the notice within several days of its receipt by Mr. Jenkins and certainly before the end of the month. Petitioner had ample opportunity to petition this Court for redetermination of the deficiency within the 90-day period commencing with the date of mailing, but failed to do so. See Mulvania v. Commissioner,supra at 69; see also Looper v. Commissioner,73 T.C. 690, 699 n. 7 (1980). Thus, petitioner has failed to show how he was prejudiced thereby. Petitioner argues a contrary result is required by the opinions in Estate of McKaig v. Commissioner,51 T.C. 331 (1968), McPartlin v. Commissioner,653 F.2d 1185 (7th Cir. 1981), and Kennedy v. United States,403 F. Supp. 619 (W.D. Mich. 1975). Each of these cases involves notices not sent to the last known address of the taxpayer. In McKaig and Kennedy, and original notice of deficiency was returned to the Commissioner marked unclaimed.In McPartlin, the notice was not received by the taxpayer. These cases are inapposite. Petitioner also argues respondent should have sent the notice by certified mail, return *29 receipt requested. We do not agree. Certified mail service provides: (1) the sender with a receipt showing the item was placed in the mail as certified mail and (2) a record of delivery of the item maintained at the Post Office at the location of the addressee. [3] Certified mail service does not provide the sender with a return receipt. Return receipts are provided to a sender as a separate service for an extra charge. [4] Section 6212(a) only refers to registered mail and certified mail. There is nothing in the legislative history of this provision to indicate that Congress intended deficiency notices mailed as certified mail to be sent with return receipt requested. 65 Cong. Rec. 2970 (1924) (statement of Rep. Chindblom). Petitioner's argument is without foundation. We hold the petition herein was untimely. Accordingly, we will grant respondent's motion to dismiss this case. We have considered the other arguments of petitioner and find them unpersuasive. To reflect the foregoing, An appropriate *30 order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
3. Domestic Mail Manual sec. 912.1, incorporated by reference in 39 C.F.R. sec. 111.1 (1981)↩ (hereinafter referred to as "DMM"). 4. DMM sec. 932.1.↩