GREGORY W. MCKAY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 40277-85.      Filed November 25, 1987.

Gregory W. McKay, pro se.
*Paul H. Weisman,* for the respondent

WRIGHT, *Judge:* This case is before the Court on the parties' cross-motions to dismiss for lack of jurisdiction. Respondent contends that we lack jurisdiction because petitioner failed to file a petition with this Court within the time prescribed by section 6213(a).[1] Petitioner seeks to have this case dismissed on the ground that the statutory notice of deficiency was not mailed, or if mailed, that it was not sent to him at his "last known address," as that term is used in section 6212(b)(1).

Argument on both motions was heard at a trial session of the Court at Los Angeles, California. The record consists of a stipulation of facts, testimony, and exhibits received at

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years in issue.

the hearing. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. The parties have also submitted memoranda of law in support of their positions.

### FINDINGS OF FACT

At the time of filing his petition herein, Gregory W. McKay (petitioner) was a resident of Beverly Hills, California. Petitioner timely filed individual Federal income tax returns for 1972 and 1973 with the Internal Revenue Service Center at Fresno, California (the Fresno Service Center). On his 1972 tax return, petitioner's address was shown as 360 North Camden Drive, Beverly Hills, California 90210. Petitioner's address as reflected on his 1973 tax return was 9665 Wilshire Boulevard, Beverly Hills, California 90212 (the Wilshire Boulevard address). As of April 20, 1975, however, petitioner was no longer a tenant at the Wilshire Boulevard address.[2]

For the years 1974 and 1976, petitioner's returns were timely filed with the Fresno Service Center.[3] Petitioner's tax returns for these years bear a mailing address of P.O. Box 1081, Beverly Hills, California 90213 (P.O. Box 1081).

On September 26, 1975, petitioner filed Forms 843 (Claim), for taxable years 1972 and 1973 with the Fresno Service Center. Petitioner's mailing address was shown as P.O. Box 1081 on both refund claim forms.

On that same date, petitioner also filed a power of attorney (Form 2848) with the Fresno Service Center. This document, which was executed by petitioner, appointed Herbert D. Sturman as petitioner's attorney-in-fact in connection with "any and all federal tax matters pertaining to calendar years 1971-1974, including, but not limited to, the filing and processing of Internal Revenue Forms 843 for the calendar years 1971-1973." The Form 2848 directed that copies of notices and other written communications addressed to petitioner should be sent to Mr. Sturman.

---

[2] In his memorandum in support of his motion to dismiss for lack of jurisdiction, petitioner claims that his mail was forwarded by the United States Post Office for a period of 1 year to his mailing address at P.O. Box 1081, Beverly Hills, California 90213.

[3] The Internal Revenue Service has no record of petitioner's having filed a Federal income tax return for 1975.

Petitioner's address was listed on Form 2848 as P.O. Box 1081.

On October 7, 1975, and February 27, 1976, respondent wrote to petitioner with respect to his claims for refund. Both of these letters were addressed to petitioner at P.O. Box 1081. The second letter advised petitioner that his refund claims would be suspended, pending completion of the criminal investigation of his tax liabilities for the years in issue.

On April 7, 1977, respondent sent a copy of the statutory notice of deficiency for 1972 and 1973 to Mr. Sturman by ordinary mail. This copy of the statutory notice of deficiency set forth petitioner's mailing address as 9665 Wilshire Boulevard.

Mr. Sturman received the copy of petitioner's notice of deficiency within several days of mailing, but prior to April 13, 1977. It was Mr. Sturman's normal business practice to deliver copies of Government documents served upon him to his clients within 3 or 4 days of receipt of such documents. Specifically, with respect to notices of deficiency, Mr. Sturman's normal business practice was to promptly meet with the client and hand-deliver the copy to that client. In this case, Mr. Sturman followed his normal business procedures and physically handed petitioner the copy of the notice of deficiency within several days of receiving such document.

Subsequently, on April 28, 1977, the Department of Justice filed with the U.S. District Court for the Central District of California a notice of mandatory stay of proceedings pursuant to Internal Revenue Code section 7422(e), wherein the District Court was notified that the Internal Revenue Service had issued a statutory notice of deficiency to petitioner on April 7, 1977. Mr. Sturman also received this notice with the attached copy of the notice of deficiency and in accordance with his business practice, delivered it to petitioner.

The deficiencies and section 6653(b) additions to tax for 1972 and 1973 were assessed by respondent on September 12, 1977. The notices thereof were mailed to petitioner at

his P.O. Box 1081 address.[4]

Respondent no longer has a copy of Form 3877, Application for Registration or Certification (certified mailing list) which would show mailing of the notice dated April 7, 1977. These records are routinely destroyed after 5 years. Moreover, because respondent no longer has the administrative file, there is no record of whether the original notice of deficiency or duplicate originals were ever returned to respondent by the Postal Service.

Petitioner filed his petition with the Court on November 4, 1985, more than 8 years beyond the 90-day period set forth in section 6213.

## OPINION

The parties have each moved this Court to dismiss for lack of jurisdiction, but on different grounds. Petitioner argues that the statutory notice of deficiency, if in fact mailed, was not sent to his last known address, as required by section 6212(b), and is therefore not valid. Petitioner, relying on *Mulvania v. Commissioner*, 769 F.2d 1376 (9th Cir. 1985) (*Mulvania II*), affg. a Memorandum Opinion of this Court, claims that only an original notice of deficiency sent directly to a taxpayer constitutes a valid notice of deficiency. Respondent contends that this Court lacks jurisdiction because the petition was filed more than 90 days after the notice of deficiency was mailed. It is respondent's position that petitioner actually, physically received a copy of the notice of deficiency within sufficient time to timely petition this Court. Respondent asserts that as a result of petitioner's long delay in petitioning the Tax Court, he has been prejudiced. Accordingly, respondent alternatively argues that the Court should apply the doctrines of estoppel and laches to preclude petitioner from arguing that the notice of deficiency was not sent to his last known address.

---

[4]On May 10, 1977, respondent sent a notice of deficiency for the taxable year 1973, to McKay Industries, c/o Gregory McKay, P.O. Box 1081, Beverly Hills, California 90212. On Nov. 7, 1977, respondent wrote to petitioner with respect to his 1974 individual tax return. This correspondence was addressed to petitioner at P.O. Box 1081. Thereafter, on May 26, 1978, respondent issued a notice of deficiency with respect to petitioner's 1974 individual tax return. Such notice was addressed to petitioner at P.O. Box 1081.

It is well settled that to maintain an action in this Court, there must be a valid notice of deficiency and a timely petition. See *Pyo v. Commissioner*, 83 T.C. 626, 632 (1984); *Mollet v. Commissioner*, 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); *Keeton v. Commissioner*, 74 T.C. 377, 379 (1980). Regardless of whether petitioner or respondent prevails, it is clear that we lack jurisdiction to entertain this case on its merits. We therefore must decide on what ground. See *Shelton v. Commissioner*, 63 T.C. 193 (1974); *O'Brien v. Commissioner*, 62 T.C. 543, 548 (1974).

On the facts in this case, we agree with respondent that the notice of deficiency is valid because petitioner received actual notice of the deficiencies determined against him without prejudicial delay. The fact that petitioner received a copy of the notice instead of the original is irrelevant. Because of this conclusion, we find it unnecessary to decide whether the notice of deficiency was sent to petitioner's last known address or to consider respondent's alternative arguments.

Section 6212(a) provides that, if the Commissioner determines a deficiency in income tax, "he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." Such notice of deficiency "shall be sufficient" if mailed to the taxpayer at his last known address, unless the Commissioner has been properly notified that a fiduciary has been substituted for the taxpayer. Sec. 6212(b)(1). If the notice is mailed to a taxpayer in the United States, he has 90 days after the mailing of the notice to file his petition for redetermination of the deficiency with the Tax Court. Sec. 6213(a). These provisions were designed to afford a taxpayer notice of the Commissioner's determination and an opportunity to litigate the validity of such determination in this Court without first paying the deficiency. *Mulvania v. Commissioner*, 81 T.C. 65 (1983) (*Mulvania I*), and cases cited therein. Thus, the notice constitutes the taxpayer's ticket to the Tax Court, and without it, there could be no prepayment judicial review of the deficiency.

A properly mailed notice of deficiency is valid irrespective of whether such notice is in fact received by the taxpayer.

*United States v. Zolla,* 724 F.2d 808, 810 (9th Cir. 1984), cert. denied 469 U.S. 830 (1984);[5] *Lifter v. Commissioner,* 59 T.C. 818 (1973). As we emphasized in our opinion in *Mulvania I,* the language of section 6212(b)(1) is clearly permissive, for Congress did not create a mandatory address to which a notice of deficiency must be mailed, but rather provided the Commissioner a "safe harbor" address to which he could send the notice.[6] 81 T.C. at 67-68. *DeWelles v. United States,* 378 F.2d 37, 39 (9th Cir. 1967); *Alta Sierra Vista, Inc. v. Commissioner,* 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); *Zenco Engineering Corp. v. Commissioner,* 75 T.C. 318, 321-322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981) (deficiency notices held to be effective even though taxpayer did not actually receive such notice).

Conversely, if a notice of deficiency is improperly addressed yet the taxpayer receives it without prejudicial delay, his complaint that it was not mailed to him at his last known address is unavailing. *Clodfelter v. Commissioner,* 527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971); *Goodman v. Commissioner,* 71 T.C. 974 (1979); *Zaun v. Commissioner,* 62 T.C. 278 (1974). Providing the taxpayer with actual notice of deficiency in a timely manner is the essence of the statutory scheme. *Mulvania I, supra* at 68, and cases cited therein. Thus, the receipt of the communication gives the taxpayer actual notice of the IRS's intention to assess a deficiency.

We have previously rejected the argument that when a petition is not timely filed, the error in an address is prejudicial as a matter of law and that the notice of deficiency is invalid. *Looper v. Commissioner,* 73 T.C. 690 (1980). Whether a taxpayer has been prejudiced by an improperly addressed notice is a question of fact. The taxpayer's failure to file a timely petition is a relevant

---

[5]For the purposes of this matter, we will follow the precedent of the Court of Appeals for the Ninth Circuit to which this case is appealable. *Golsen v. Commissioner,* 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

[6]There is no indication that by providing this safe harbor of sec. 6212(b) Congress intended to invalidate the alternative methods of communication which in fact result in actual notice to the taxpayer. *Mulvania v. Commissioner,* 81 T.C. 65, 68 (1983) *(Mulvania I).* However, where the Commissioner does not rely on actual notice but chooses to utilize the safe harbor section of 6212(b)(1), he must send the notice to the taxpayer at his last known address.

factor in the inquiry, but alone is not decisive. *Looper v. Commissioner, supra* at 698-699.

Moreover, section 6212(a) merely authorizes the Secretary to send notices of deficiency by registered or certified mail. Other means of delivery may be used.[7] The "purpose of the statutory requirement for the issuance of deficiency notices is to inform the taxpayer that the Commissioner means to assess additional taxes against him, and to provide time for the taxpayer to petition this Court for a redetermination if he is so advised." *Perlmutter v. Commissioner,* 44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967).

On the facts of this record, we find that petitioner received actual notice of the deficiencies in question without prejudicial delay. Our conclusion is based on the uncontradicted testimony of petitioner's former attorney, Mr. Sturman, who was a credible and forthright witness. Although petitioner alleged in his petition and memorandum of law that he never received a notice of deficiency for the years in issue, petitioner did not testify at the hearing on this matter. Because petitioner did not testify to a fact peculiarly within his knowledge, we conclude that such testimony would be unfavorable to him. See *Wichita Terminal Elevator Co. v. Commissioner,* 6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

We find that the purpose of section 6212—the communication to a taxpayer that respondent has determined a deficiency—was achieved in this case. See, e.g., *Berger v. Commissioner,* 404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967); *Alta Sierra Vista, Inc. v. Commissioner, supra; Zaun v. Commissioner, supra; Lifter v. Commissioner, supra.* Our conclusion in no way implies that a power of attorney which authorizes that copies be sent to a taxpayer's authorized representative effectively makes that address a taxpayer's last known address. Rather, when a taxpayer receives a copy of the statutory notice without prejudicial delay he

---

[7]Actual notice from the IRS to a taxpayer, whether transmitted by certified mail, ordinary mail, or hand delivery will suffice. See *Boren v. Riddell,* 241 F.2d 670 (9th Cir. 1957) (mailing of notice by ordinary mail); *Tenzer v. Commissioner,* 285 F.2d 956 (9th Cir. 1960), revg. an order of this Court (Commissioner's representative personally delivered a copy of the notice to the taxpayer). See also *Berger v. Commissioner,* 404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967); *Delman v. Commissioner,* 384 F.2d 929, 933 (3d Cir. 1967), affg. a Memorandum Opinion of this Court. This Court has also found oral notice from the IRS to a taxpayer to be sufficient for actual notice purposes. *Zaun v. Commissioner,* 62 T.C. 278 (1974).

has actual knowledge of a notice of deficiency. See *Stamm International Corp. v. Commissioner*, 84 T.C. 248 (1985); *Goodman v. Commissioner, supra* (where the taxpayer received a copy of the notice of deficiency from his/her attorney and timely filed a petition, the notice of deficiency was valid).[8] Upon its receipt, petitioner herein was informed. The copy of the notice which bore a date of April 7, 1977, required petitioner to make immediate inquiry as to when and how he should proceed, if he contemplated Tax Court review. Under these circumstances, a contrary determination that the notice was insufficient "would allow the technical an undue triumph over the substantial." *Commissioner v. Stewart*, 186 F.2d 239, 242 (6th Cir. 1951), and cases cited therein. Thus, we conclude that petitioner here received his "ticket" to the Tax Court and ample opportunity to file a petition for review. *Delman v. Commissioner*, 384 F.2d at 934.

At the time petitioner received actual notice of the deficiencies determined against him he became responsible for filing a timely petition with this Court. There is no explanation for the failure to file such petition, but it is apparent that inaction, after receipt of the notice, was responsible for the late filing. Therefore, petitioner's failure to file a timely petition cannot be said to have been the direct result of any error in the address to which the notice of deficiency was mailed. *Shelton v. Commissioner, supra; Zikria v. Williams*, 535 F. Supp. 481 (W.D. Pa. 1982).

Moreover, we find that the facts of this case are distinguishable from those of *Mulvania v. Commissioner*, T.C. Memo. 1984-98, affd. 769 F.2d 1376 (9th Cir. 1985). In *Mulvania II*, the taxpayer did not receive either the original or the copy of the notice of deficiency; rather, he was informed by his accountant pursuant to a telephone conversation that a copy of the notice had been sent to the accountant's office.[9] This conversation occurred a month

---

[8] See also *Estate of Citrino v. Commissioner*, T.C. Memo. 1987-585 (actual notice, as received by estate administrator, was sufficient under sec. 6212).

[9] In *Mulvania II*, we noted that had the accountant been a lawyer, his advice and the communications leading to that advice would have been privileged. Although petitioner attempted to invoke the attorney-client privilege in this case, we conclude that Mr. Sturman's testimony, which pertained solely to his delivery of third-party documents to his clients, did not violate that privilege. See *In re Matter of Fischel*, 557 F.2d 209 (9th Cir. 1977) (facts which attorney receives from third party about client are not privileged, and attorney's subsequent

and a half after the statute of limitations had expired. Unlike the situation in *Mulvania II*, petitioner here received actual written notice of the deficiencies determined against him, and second, we have determined that he received such notice without prejudicial delay.[10] Where the notice is sent to the wrong address and never delivered or delivered with prejudicial delay, the statutory purpose is not served and it would be manifestly unfair to deny the taxpayer his prepayment hearing; but that is not the case here. *Zikria v. Williams, supra; Goolsby v. Tomlinson*, 246 F. Supp. 674 (S.D. Fla. 1965).

We hold that the notice of deficiency herein is valid. Accordingly, we will deny petitioner's motion to dismiss and grant respondent's motion to dismiss since the petition was not timely filed.

*An appropriate order will be issued.*

---

use of such information in advising client does not automatically make information privileged); *United States v. Brickey*, 426 F.2d 680 (8th Cir. 1970) (acts or services done by an attorney for his client in the course of his employment do not come within the privilege).

[10]Petitioner has not raised the statute of limitations as a defense. In any event, respondent's determination of fraud in the notice of deficiency· would vitiate such an argument. *Goodman v. Commissioner*, 71 T.C. 974, 978-979 (1979).