PETER MANOS AND PATRICIA MANOS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Manos v. Commissioner
Docket No. 7035-88
United States Tax Court
T.C. Memo 1989-442; 1989 Tax Ct. Memo LEXIS 442; 57 T.C.M. (CCH) 1366; T.C.M. (RIA) 89442; August 21, 1989
*442 On Jan. 8, 1988, R mailed duplicate original notices of deficiency to Ps at two addresses, one of which was Ps' "last known address" as known to R on the date of mailing. Secs. 6212(a) and (b)(1), I.R.C. 1954. Ps received the notice of deficiency mailed to their last known address no later than the 52nd day after its mailing. The 90th day after the mailing of the notices of deficiency was Thursday, Apr. 7, 1988, which was not a legal holiday in the District of Columbia. Ps' one and a half page petition was mailed to and filed with the Court on Apr. 8, 1988 and Apr. 11, 1988, respectively. Held, the petition was not timely filed. Secs. 6213(a) and 7502(a). Held further, even if the notice of deficiency was not mailed to Ps at their last known address, the notice is valid because Ps received it without prejudicial delay and with sufficient time remaining to file a timely petition with this Court. Held further, R's Motion to Dismiss for Lack of Jurisdiction will be granted. Mulvania v. Commissioner, 81 T.C. 65 (1983), and McKay v. Commissioner, 89 T.C. 1063 (1987), followed. Peter Manos and Patricia Manos, pro se. Daniel A. Guy, Jr. and Karen M. Quesnel , for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to the provisions of section 7443A(b)(4) and Rule 180 et seq. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: By his motion, which we decide herein, respondent requests the Court to dismiss this deficiency action for lack of jurisdiction. FINDINGS OF FACT On October 17, 1984 petitioners filed a joint 1983 Federal income tax return with the Internal Revenue Service Center at Austin, Texas. [2] Their address, as shown on that return, was *445 5806 Windmier, Dallas, Texas 75252 (the Windmier address). At paragraph 1 of their one and a half page petition filed on April 11, 1988 and which is dated April 8, 1988, they assert that their legal residence is the Windmier address. However, after their signatures on page 2 they list another address -- P.O. Box 619, Addison, Texas 75001 (the Addison address). From February 5, 1987 through December 30, 1987 petitioners received at least six letters from the office of the District Director, Internal Revenue Service, Las Vegas, Nevada (Las Vegas office), all pertaining to the audit of their 1983 return and all addressed to 6902 Rusty Fig, Austin, Texas 78750 (the Rusty Fig address). A computer search conducted by respondent in October 1987 using Mr. Manos' social security number disclosed petitioners' address to be 4550 Sunbelt Drive, Dallas, Texas 75248 (the Sunbelt Drive address). Petitioners at no time gave the Las Vegas office or any other Internal Revenue Service office clear and concise notification of a new address to be used for correspondence to them. On January 8, 1988, the Las *446 Vegas office sent duplicate original notices of deficiency by certified mail to petitioners. Each notice determined therein a deficiency in petitioners' Federal income tax and additions to the tax for the taxable calendar year 1983 in the respective amounts of $ 17,237 and $ 4,558. The notices were addressed as follows: Peter Manos and Patricia Manos 6902 Rusty Fig Austin, Texas 78750 and Peter Manos and Patricia Manos 4550 Sunbelt Drive Dallas, Texas 75248 The notice of deficiency mailed to the Sunbelt Drive address was returned to the Las Vegas office on January 21, 1988 whereas the notice mailed to the Rusty Fig address was not returned. Petitioners' last address known to the Las Vegas office on the date the deficiency notices were mailed was the Rusty Fig address which, in light of all the facts and circumstances, respondent reasonably believed petitioners wished the notice of deficiency to be sent. Petitioners actually received that notice without prejudicial delay "sometime in February 1988," no earlier than 24 days nor no later than 52 days after its mailing. Their failure to file a timely petition was due to their inaction after receiving that notice. *447 The 90-day period for the filing of a timely petition with this Court expired on Thursday, April 7, 1988, which was not a legal holiday in the District of Columbia. As stated hereinbefore, the petition was filed on April 11, 1988. It was received by the Court in an envelope bearing thereon clearly legible U.S. postmark dates of April 8, 1988. OPINION Respondent's primary position is that the deficiency notices were mailed to petitioners at their last address known to respondent on the date they were mailed pursuant to sections 6212(a) and (b)(1) and, as a consequence, the petition was not timely filed in accord with the mandates of sections 6213(a) and 7502(a). Alternatively, he argues that even if the notices were not mailed to petitioners' last known address, they received actual notice of the deficiencies determined against them in sufficient time to file a timely petition with this Court. On the other hand, petitioners exhort, in essence, that the notices are invalid in that they were not mailed to their last known address contending, that the Windmier address was their legal residence and the Addison address was their correct mailing address for correspondence purposes. *448 Notwithstanding, they urge that we consider their petition to be timely filed since it was filed within 90 days after their receipt of the notice addressed to the Rusty Fig address. On this record, we must and do agree with respondent. Section 6212(a) authorizes the Secretary of the Treasury to send a notice of deficiency by certified mail to a taxpayer when he determines that a deficiency exists in the taxpayer's taxes. Section 6212(b)(1) provides, with an exception not relevant herein, that the notice authorized by section 6212(a) shall be sufficient if mailed to the taxpayer at his "last known address." Respondent has the burden of proving that the notice of deficiency was properly mailed. . See , affd. per curiam . Neither section 6212 nor the regulations promulgated thereunder define a taxpayer's "last known address." We have defined it as the address to which, in light of all the facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. In determining *449 whether respondent has mailed a notice to the taxpayer's "last known address," the relevant inquiry thus pertains to respondent's knowledge at the time the deficiency notice is mailed rather than to what may in fact be the taxpayer's most current address. Monge v. Commissioner, 93 T.C. (July 12, 1989), slip op. at 18; ; . Whether respondent has properly discharged this obligation is a question of fact, and where he has it is well settled that the notice of deficiency is valid for all purposes from the date of its mailing whether or not the taxpayer receives it. , cert. denied ; . Because of the proclivity of taxpayers to move without notifying the Commissioner of their new address, the burden is on the taxpayer to provide the Commissioner with clear and concise notification of the new address. , and cases there *450 collected. It has long been held that notification of a new address must be given to the office of the Internal Revenue Service (here, the Las Vegas office) where the audit was conducted and which mailed the notice of deficiency. , and . The record is clear that petitioners did not provide the Las Vegas office or any other Internal Revenue Service office with clear and concise notification of a new address to be used in lieu of the Sunbelt Drive address, which was obtained by respondent in the computer search in October 1987 (some 3 months prior to the mailing of the deficiency notices), or the Rusty Fig address, which was the address used by the Las Vegas office in six letters to petitioners from February 5, 1987 through December 30, 1987 (9 days before the deficiency notices were mailed), all of which letters petitioners admittedly received. Indeed, petitioners admit receiving the notice mailed to the Rusty Fig address at sometime between 24 and 52 days after its mailing. Section 6213(a), which provides for the filing of petitions with this Court, provides in pertinent *451 part: Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The burden of proving that this Court has jurisdiction is upon petitioners. ; . A petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to a taxpayer. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. , affg. a Memorandum Opinion of this Court; ; ; ; ; . *452 Hence, under this statute, in order to be timely filed, a petition must be received at the Tax Court in Washington, D.C., on or before the 90th day. Here, the 90th day after the mailing of the deficiency notices was Thursday, April 7, 1988, which was not a legal holiday in the District of Columbia. The petition was received and filed by the Court on April 11, 1988. Section 7502(c) provides, in part, that if a properly addressed, postage prepaid envelope or wrapper containing the petition is deposited in the mail in the United States and bears a United States postmark date which is on or before the last day for filing, the postmark date will be deemed the filing date. It is clear that the United States postmark dates on the envelope in which the petition was received (i.e., April 8, 1988) are beyond the 90-day filing period permitted by section 6213(a). We next proceed to respondent's alternative contention that even if the notices were not mailed to petitioners' last known address, they received actual notice of the deficiencies determined against them in sufficient time to file a timely petition with this Court. We believe this contention is likewise meritorious and deserves *453 discussion. The provisions of sections 6212(a), 6212(b)(1) and 6213(a) were designed to afford a taxpayer notice of the Commissioner's determination and an opportunity to litigate the validity of that determination in this Court without first paying the determined deficiency. ; , and cases there cited; . Providing the taxpayer with actual notice of the deficiency in a timely manner is the essence of the statutory scheme. , affg. ; , affg. a Memorandum Opinion of this Court; ; . The notice constitutes the taxpayer's "ticket" to the Tax Court, and without it, there could be no prepayment judicial review of the determined deficiency. ; . *454 If mailing results in actual notice without prejudicial delay, it meets the conditions of section 6212(a) no matter to what address the notice successfully was sent. ; see , where the taxpayer received the notice approximately 1 month prior to the expiration of the 90-day filing period; , where the taxpayers actually received the notice sometime prior to August 12, 1983, which date was 30 days prior to the expiration of the 90-day filing period, and where work on the petition was completed nearly 30 days before the expiration of the 90-day filing period; , where the taxpayer actually received the notice 16 days after it was mailed, and , where the taxpayer received the notice approximately 10 days after it was mailed. Here, petitioners admit they received the notice addressed to the Rusty Fig address "in February 1988." In that notice they were clearly warned -- If you want to *455 contest this deficiency in court before making any payment, you have 90 days from the above date of this letter [Jan. 8, 1988] * * * to file a petition with the United States Tax Court for a redetermination of the deficiency. The petition should be filed with the United States Tax Court, 400 Second Street NW, Washington, D.C. 20217, and the copy of this letter should be attached to the petition. The time in which you must file a petition with the court * * * is fixed by law and the Court cannot consider your case if your petition is filed late. * * * [Emphasis added.] Upon receipt of the notice petitioners became responsible for filing a timely petition with this Court. They have advanced no legally valid reason for their failure to do so. By their own admission, they had at least 38 days and as much as 66 days in which to file a timely petition. In our opinion, they had ample time remaining after actual receipt of the notice (which duly warned them of the period within which to file their petition and the result of a failure to do so) in which to timely file their one and a half page petition. We think inaction, after receipt of the notice, was responsible for the late *456 filing. Clearly, the purpose of section 6212(a) was served in this case: petitioners received their "ticket" to this Court with ample time remaining to file a timely petition for redetermination of the deficiencies determined against them. , affg. a Memorandum Opinion of this Court; , and cases there cited. We once again agree with the Ninth Circuit in reiterating "if mailing results in actual notice without prejudicial delay (as clearly was the case here), it meets the conditions of section 6212(a) no matter to what address the notice successfully was sent." (fn. ref. omitted). In such circumstance, such notice is effective for all purposes from the time of its mailing. . Other arguments raised by petitioners are likewise without merit and we need not and do not address them. Respondent's motion will be granted. An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. Section references are to sections of the Internal Revenue Code in effect for the years in issue and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The record contains no information regarding any returns for years after 1983.↩