DOUGLAS WAYNE BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Brown v. Commissioner
Docket No. 27192-84
United States Tax Court
T.C. Memo 1994-501; 1994 Tax Ct. Memo LEXIS 509; 68 T.C.M. (CCH) 904; October 11, 1994, Filed *509 Decision will be entered for respondent. Douglas Wayne Brown, pro se. For respondent: William D. Reese. FAY
FAY
SUPPLEMENTAL MEMORANDUM OPINION FAY, Judge: This matter is before the Court because Brown v. Commissioner, T.C. Memo. 1989-43, filed January 30, 1989, was vacated and remanded by the Court of Appeals for the Ninth Circuit for further consideration of petitioner's ex parte motions for writ of habeas corpus ad testificandum. 902 F.2d 38 (9th Cir. 1990). Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Sec.
Sec. Sec.
Sec.
Sec. Year
Deficiency 6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6654(a)
1980
$ 142,239.90
$  35,559.98
$ 7,062
--
--
$  9,103.36
1981
561,403.10
140,350.78
-0- $ 28,070
[1]
42,997.21
All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The issues for decision are: (1) Whether *510 petitioner received and failed to report income from illegal activities for the 1980 and 1981 taxable years. We hold that he did. (2) Whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a), and 6654(a) for the 1980 taxable year. We hold that he is. (3) Whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a)(1) and (2), and 6654(a) for the 1981 taxable year. We hold that he is. A stipulation of facts, with attached exhibits, was filed by the parties on August 17, 1993. By this reference, these facts are so found and incorporated herein. Procedural History
On July 27, 1988, respondent filed an ex parte motion for writ of habeas corpus ad testificandum (habeas motion) which would require the presence of petitioner [1] at trial. On August 4, 1988, this Court issued a writ of habeas corpus ad testificandum with respect to petitioner. On August 11, 1988, the Court received and filed petitioner's 10 habeas motions seeking the presence at trial of 10 incarcerated individuals, including himself. On August 29, 1988, after consideration of these motions, petitioner's motions were denied. *511 On August 31, 1988, a trial in this matter was held. At the trial, respondent presented her sole witness, Bruce Fenimore. Mr. Fenimore's eyewitness and coparticipant testimony supported respondent's determination in her notice of deficiency and established petitioner's direct involvement as a participant in all four of the illegal acts which gave rise to the income upon which respondent determined the deficiencies and additions to tax. Petitioner did not testify, nor did he present any evidence or contradictory testimony. Petitioner did, however, object at trial and argued, in essence, that the Court's action denying petitioner's motions for writs of habeas corpus ad testificandum denied him the ability to present his case. On January 30, 1989, the Court filed an opinion in this matter, Brown v. Commissioner, T.C. Memo. 1989-43, sustaining, in full, respondent's determined deficiencies and additions to tax. On May 9, 1990, the Court of Appeals for the Ninth Circuit vacated and remanded this Court's decision in an unpublished opinion. In so doing, the Court of Appeals stated that the Tax Court had "peremptorily rejected petitioner Brown's motions *512 for writs of habeas corpus ad testificandum." The Court of Appeals also stated: By * * * [those writs] Brown sought the presence of incarcerated persons to bear testimony on his objections to the assessment of income tax deficiencies against him. [Footnote omitted.] * * * [The Tax Court's denial of petitioner's motions] was error; it necessitates the vacation of the Tax Court's ensuing judgment against Brown and further proceedings. [Footnote omitted.] * * * So here, the decision of the Tax Court must be vacated and the matter remanded for further proceedings. [4]
* * *
Petitioner's habeas motions sought the presence of nine individuals, not including the motion seeking the issuance of a writ for himself. Five of these nine witnesses had a similar and duplicative testimonial purpose, that purpose being to discredit the testimony of respondent's sole witness, Mr. Fenimore; two of these five witnesses were produced in these subsequent proceedings. Of the remaining four, one habeas motion sought *513 the presence of petitioner's "legal advisor", who in fact appeared and assisted petitioner in all proceedings subsequent to the remand by the Court of Appeals; two habeas motions sought the testimony of witnesses to attempt to establish that petitioner did not commit the Tucson bank robbery, and this Court issued a writ with respect to one of these individuals, Terry Lee Connor; and the last habeas motion sought the presence of an individual who petitioner stated would testify that respondent engages in making erroneous assessments. Upon remand, this Court, upon further consideration of petitioner's motions and as referenced above, issued three writs of habeas corpus ad testificandum and thereby took the testimony of three incarcerated witnesses, to wit: Terry Lee Connor, whose testimony was taken on November 4, 1992, in the U.S. Penitentiary located at Marion, Illinois; Gerald George Weir, who was brought to Los Angeles to testify on August 17, 1993, from the Federal Correctional Institution in Florence, Colorado; and Garvin Dale White, who was also brought to Los Angeles to testify on August 17, 1993, from the U.S. Penitentiary in Leavenworth, Kansas. Upon remand, the Court has *514 given petitioner unusual leeway in presenting his case by relaxing its Rules. For example, during the August 17, 1993, hearing held in Los Angeles, the Court allowed petitioner to elicit testimony of two witnesses who were otherwise available for the original proceedings but whom petitioner failed to call. This went beyond the mandate of the Court of Appeals and will be allowed only in unusual circumstances. During these proceedings, petitioner continued to refuse to testify on his own behalf. Factual Background
Petitioner resided at the U.S. Penitentiary located in Lompoc, California, when the petition herein was filed. Petitioner did not file Federal income tax returns for the 1980 and 1981 taxable years. On February 28, 1980, and May 2, 1980, petitioner and several accomplices, including Mr. Fenimore, participated in the robbery of two jewelry stores, located in Walnut Creek, California, and Phoenix, Arizona, respectively. In the Walnut Creek robbery, petitioner and three accomplices, including Mr. Fenimore, took approximately $ 500,000 in jewelry. In the Phoenix robbery, petitioner, this time assisted by four accomplices including Mr. Fenimore, initially escaped *515 with $ 1,500,000 in jewelry. [2] From these jewelry robberies, petitioner obtained sole physical possession of a portion of the stolen property having a value of at least $ 296,000. During 1981, *516 petitioner, with Mr. Fenimore and another accomplice, David Grandstaff, participated in armed robberies of Mid-States Bank in Denver, Colorado, and, on April 22, 1981, First National Bank in Tucson, Arizona. The amount of money taken in these armed robberies was approximately $ 110,000, and $ 3,300,000, respectively. From these armed bank robberies, petitioner obtained sole physical possession of a portion of the stolen property having a value of at least $ 1,333,333. In September 1981, petitioner and Mr. Grandstaff, who were coparticipants in all four robberies, were arrested in Denver, Colorado. At the time of their arrest, petitioner and Mr. Grandstaff were in possession of $ 187,282 in cash. After his arrest, petitioner was indicted and subsequently pleaded guilty and was convicted of interstate transportation of stolen property in connection with his participation in the Walnut Creek and Phoenix jewelry store robberies. Petitioner had not been indicted for his involvement in the Denver armed robbery at the time of trial. Discussion
The main thrust of petitioner's case is twofold: First, petitioner attacks the credibility of respondent's witness Mr. Fenimore, and, *517 second, petitioner elicited testimony which, were we to find it credible, would support petitioner's argument that he did not participate in the Tucson robbery. In 1981 a bank robbery occurred in Tucson, Arizona. The three individuals that participated in this robbery escaped with approximately $ 3.3 million. Petitioner was tried in the U.S. District Court for the armed robbery of the bank in Tucson, Arizona. Petitioner was acquitted of the charges by a jury verdict. Respondent determined in her notice of deficiency that petitioner received $ 1,100,000 from the Tucson bank robbery. We must first note that this is an unusual case in that, of the six witnesses who testified in this matter, five are convicted felons. Additionally, at the time that each of the convicted felons testified, all but one were presently incarcerated. This case is one which must be decided on the credibility of the witnesses and their demeanor at trial. Ordinarily, a notice of deficiency is entitled to a presumption of correctness, and the burden of proof to rebut that presumption rests with the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). The Court *518 normally does not look behind the notice of deficiency to examine the evidence used when the Commissioner determines a deficiency. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). The Court recognizes an exception to this rule, however, and may look behind the notice of deficiency in cases involving unreported illegal income where the Commissioner has introduced no substantive evidence, and the taxpayer challenges the notice of deficiency on the grounds that it was arbitrary. Dellacroce v. Commissioner, 83 T.C. 269 (1984); Jackson v. Commissioner, 73 T.C. 394, 401 (1979). If the taxpayer makes a showing that the notice of deficiency is arbitrary, the Court can shift the burden of going forward with the evidence to the Commissioner. The burden of proof, however, remains with the taxpayer. Jackson v. Commissioner, supra at 401. The Court of Appeals for the Ninth Circuit, to which appeal lies in this matter, in a case involving the receipt of unreported illegal income, has held that a "deficiency determination which is not supported *519 by the proper foundation of substantive evidence is clearly arbitrary and erroneous." Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), revg. 67 T.C. 672 (1977). Further, the Court of Appeals stated that the Commissioner cannot rely on the presumption of correctness of a deficiency notice in such a case "in the absence of a minimal evidentiary foundation" by the Commissioner showing that the taxpayer received unreported income from a charged activity. Id. at 361. This is true even where the taxpayer has not made a showing that the notice was arbitrary. Id.; see also Bradford v. Commissioner, 796 F.2d 303, 305 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Delaney v. Commissioner, 743 F.2d 670, 671 (9th Cir. 1984), affg. T.C. Memo. 1982-666; United States v. Zolla, 724 F.2d 808 (9th Cir. 1984). The Court of Appeals for the Ninth Circuit requires the Commissioner to come forward with substantive evidence establishing a "minimal evidentiary foundation", in all *520 cases involving the receipt of unreported income to preserve the statutory notice's presumption of correctness because a deficiency determination which is not supported by the proper foundation of substantive evidence is clearly arbitrary and erroneous. Weimerskirch v. Commissioner, supra at 362. Once the Commissioner presents admissible substantive evidence linking the taxpayer with an illegal activity and the receipt of unreported income therefrom, the burden of going forward with the evidence rests with the taxpayer. Respondent's deficiency notice is not arbitrary. Respondent put forth proof of income which far exceeds the "minimal evidentiary foundation" required. Respondent's witness, Mr. Fenimore, testified that petitioner and he were coparticipants in all four of the robberies and that petitioner received an equal share along with the other participants in dividing up the total proceeds of the robberies. Mr. Fenimore's testimony is further corroborated by the introduction of petitioner's felony convictions and plea agreements. We accept Mr. Fenimore's testimony and, after hearing the testimony of the other witnesses and judging their *521 demeanor at trial, we find no reason to reject it. Petitioner cross-examined Mr. Fenimore; however, the Court finds that this effort failed to discredit Mr. Fenimore's direct testimony. Petitioner had every opportunity to testify on his own behalf but instead chose to remain silent. Although petitioner elicited testimony from his girlfriend that his standard of living was frugal, petitioner failed to produce financial records which would corroborate his claim of frugal living. The rule is well established that the failure of a party to introduce evidence within his possession which, if true, would be favorable to him, gives rise to the presumption that, if produced, it would be unfavorable. McKay v. Commissioner, 89 T.C. 1063, 1069 (1987), affd. 886 F.2d 1237 (9th Cir. 1989); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). This is especially true where, as here, the party failing to produce the evidence has the burden of proof, or the other party to the proceeding has established a prima facie case. *522 Wichita Terminal Elevator Co. v. Commissioner, supra at 1165. Petitioner argues, however, that respondent had years to establish a more solid case through the production of documents and bank records. We disagree. It is petitioner's burden to produce records, if they even exist, which would support his theory of his case. Rule 142(a). Petitioner asserts several arguments challenging his receipt of any income, in addition to alternative arguments which, inter alia, take the position that, even assuming he received stolen property, the value of such property should be based on the criminal market rather than actual fair market value. We have considered all of petitioner's arguments, and, based on the record taken as a whole, we are not persuaded that an outcome different from the one we reach today is merited. Petitioner attacked Mr. Fenimore's credibility through the use of several witnesses and by numerous leading questions in an effort to cast doubt on Mr. Fenimore's credibility. Throughout the hearings in this matter, the Court, after objection by respondent's counsel, warned petitioner that use of leading questions was impermissible. *523 Petitioner made a conscious decision not to testify on his own behalf; therefore, leading questions to petitioner's witnesses will not be allowed to satisfy petitioner's burden of proof or cast a cloud over Mr. Fenimore's credibility. [3] The Court did not find petitioner's witnesses to be convincing or credible. [4] The Court therefore finds that petitioner has failed to meet his burden of proof and did not provide credible evidence which would support his position and overcome respondent's determination. We therefore sustain respondent's determination with respect to the deficiencies. *524 Respondent also determined that petitioner is liable for additions to tax as set forth in the notice of deficiency and reproduced supra. Petitioner bears the burden of proof with respect to these issues as well. Rule 142(a). Petitioner has stipulated that he did not file returns for the years at issue, 1980 and 1981. Petitioner did not present any evidence, nor does he allege that he made estimated tax payments for 1980 and 1981. Petitioner did not present any evidence with respect to the negligence additions to tax. Petitioner did not act reasonably in failing to file his tax returns and failing to pay the tax due and owing on his income. Petitioner has failed to satisfy his burden of proof. We therefore sustain respondent's determination as to the additions to tax. To reflect the foregoing, Decision will be entered for respondent. Footnotes
*. This opinion supplements our opinion in Brown v. Commissioner↩, T.C. Memo. 1989-43, filed January 30, 1989.
1. Fifty percent of the interest due on the underpayment.↩
1. Petitioner was incarcerated at this time at the U.S. Penitentiary located in Lompoc, California.↩
4. We, of Course, intimate no opinion as to the validity of the courts [sic] ultimate ruling upon Brown's motions and the matter of what proceedings must then be had.↩
2. Respondent determined that approximately $ 645,000 of the Phoenix jewelry was later recovered by the authorities. Petitioner failed to produce documentary evidence which would support his assertion that a higher value of jewelry was recovered. Respondent determined petitioner's income attributable to the Phoenix robbery to be $ 171,000. This amount is reached by reducing the total amount stolen ($ 1.5 million) by the amount recovered by authorities ($ 645,000) to reach the total amount of income to the participants in the robbery, approximately $ 855,000. Respondent then divides this amount by the number of participants, which total five, and reaches $ 171,000. We note that, although respondent was not required to give credit to petitioner for the recovered amounts, as she does, respondent acted reasonably by so doing.↩
3. There are several instances in the record wherein petitioner, acting as his own attorney, all but actually admits to some of the illegal conduct involved here by the form and manner of his questions during direct examination of his witnesses.↩
4. Petitioner's main witness, Terry Lee Connor, testified that it was he and two other accomplices who participated in the Tucson bank robbery with Mr. Fenimore and that petitioner was not involved. Mr. Connor was never indicted, charged, or otherwise implicated in the Tucson, Ariz., bank robbery.↩