T.C. Memo. 1997-388


UNITED STATES TAX COURT


RONALD E. REED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 29376-91.                    Filed August 25, 1997.


R determined deficiencies in and additions to tax on account of petitioner's omissions of income from illegal drug activities.

1. <u>Held</u>: Petitioner failed to prove that the source of certain expenditures was other than illegal drug activities.

2. <u>Held</u>, <u>further</u>, petitioner substantially understated his income tax liability for 2 of the years in question.

3. <u>Held</u>, <u>further</u>, respondent proved fraud for each of the years in question.

4. <u>Held</u>, <u>further</u>, petitioner is liable for self-employment taxes.


Ronald E. Reed, pro se.

<u>Sandra M. Jefferson</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  By notice of deficiency dated October 17, 1991, respondent determined deficiencies in and additions to petitioner's Federal income tax as follows:

| | | Additions to Tax | | | | |
|---|---|---|---|---|---|---|
| <u>Year</u> | <u>Deficiency</u> | Sec. 6653 <u>(b)(1)</u> | Sec. 6653 <u>(b)(1)(A)</u> | Sec. 6653 <u>(b)(2)</u> | Sec. 6653 <u>(b)(1)(B)</u> | Sec. <u>6661</u> |
| 1985 | $4,770 | $2,385 | -- | 50% of the interest due on $4,770 | -- | -- |
| 1986 | 66,094 | -- | $49,571 | -- | 50% of the interest due on $66,094 | $16,524 |
| 1987 | 15,757 | -- | 11,818 | -- | 50% of the interest due on $15,757 | 3,939 |

The issues for decision are as follows:

1.  Whether petitioner failed to report gross income from drug-related activities for the years in question.

2.  Whether petitioner is liable for additions to tax under section 6661 for substantial understatement of income tax for 1986 and 1987.

3.  Whether petitioner is liable for additions to tax under section 6653(b) for fraud for each of the years in question.

4.  Whether petitioner is liable for self-employment taxes under section 1401 for each of the years in question.

Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue, and all

Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts filed by the parties, with attached exhibits, is incorporated herein by this reference.

Petitioner was incarcerated in a Federal prison in Danbury, Connecticut, at the time the petition herein was filed.

From 1985 through 1989, petitioner was involved in dealing cocaine in amounts ranging from 1/4 pound to multiple kilograms.

In June 1989, petitioner was indicted by a Federal grand jury for conspiracy to distribute cocaine, distribution of cocaine, and money laundering (the indictment).

On September 6, 1989, in response to the indictment, petitioner executed an agreement (the plea agreement) with the U.S. Attorney for the District of Maryland to plead guilty to two counts of the indictment: conspiracy to distribute cocaine and money laundering. In paragraph 3.(f) of the plea agreement, petitioner admits that he knowingly acquired, with proceeds traceable to transactions involving narcotics, certain real

estate and motor vehicles listed as follows and agrees that the property is forfeited to the United States:

1.  102 Regent Dr., Belair, MD.

2.  4120 Eierman Ave., Baltimore, MD.

3.  One 1984 red Porsche 911 automobile.

4.  One 1983 black Porsche 944 automobile.

On October 4, 1989, petitioner was rearraigned in the U.S. District Court for the District of Maryland (District Court) and pleaded guilty to money laundering and conspiracy to distribute cocaine. In connection with the rearraignment, a document, "The Government's Statement of Facts" (statement of facts), was filed with the District Court. At the rearraignment, petitioner agreed with both the statement of facts (refusing to make any additions or corrections) and the plea agreement (stating that it was correct). The statement of facts recites that, as a result of petitioner's illegal earnings from trafficking in cocaine, he purchased both real and personal property, including the following (the listed property), expending the amounts shown:

| Item | 1985 | 1986 | 1987 |
|------|------|------|------|
| 1985 Chevrolet Corvette | $17,774 | -- | -- |
| 102 Regent Dr. | -- | $75,577 | -- |
| 8554 Willow Oak Rd. | -- | 27,767 | -- |
| M. Shaivitz & Sons | -- | 9,543 | -- |
| Freestate Sales, Inc. | -- | 4,400 | -- |
| Brandon Carpet Sales | -- | 3,027 | -- |
| 1986 Chevrolet Corvette | -- | 17,000 | -- |
| 1986 Porsche | -- | 10,000 | -- |
| 1984 Volvo | -- | 9,450 | -- |

| | | | |
|---|---|---|---|
| 1986 Pantera | -- | 22,445 | -- |
| 4120 Eierman Ave. | -- | -- | [1]$10,558 |
| Rt. 40 West Furniture | -- | -- | 2,196 |
| 1984 Lotus | -- | -- | 13,185 |
| 1984 Porsche Cabriolet | -- | -- | 5,000 |
| Totals | 17,774 | 179,209 | 30,939 |

[1] The amount shown as expended for this property has been adjusted to reflect the agreement of the parties.

With respect to certain of those items, the statement of facts recites that petitioner used his mother, Dolores Bruno, as a nominee to disguise his purchases.

The District Court accepted petitioner's guilty pleas and entered verdicts of guilty. Subsequently, the District Court entered a judgment in accordance with its verdicts and sentenced petitioner to imprisonment for 97 months.

Petitioner made returns of income for each of the years in issue, but reported no income from his illegal drug activities.

Respondent's determination of deficiencies in tax for the years in question is, principally, the result of respondent's adjusting petitioner's gross income for each year to include amounts equal to petitioner's expenditures for the listed property.

Discussion

I. Preliminary Matter

The general rule is that the burden of proof is upon petitioner, Rule 142(a), which he must carry by a preponderance of the evidence, e.g., Schaffer v. Commissioner, 779 F.2d 849,

858 (2d Cir. 1985), affg. in part and remanding Mandina v. Commissioner, T.C. Memo. 1982-34. Petitioner, however, argues that "there isn't any evidence at all that Respondent can furnish to prove that Petitioner made a single dollar from drug proceeds", notwithstanding respondent's reliance on the plea agreement and the statement of facts.[1] Since this case involves illegal unreported income, petitioner's assertion suggests that Llorente v. Commissioner, 649 F.2d 152 (2d Cir. 1981), affg. in part, revg. in part and remanding 74 T.C. 260 (1980),[2] applies and requires respondent to satisfy the burden of coming forward with evidence linking petitioner to an income-producing activity. In the stipulation of facts, however, petitioner concedes that he spent the amounts specified for the listed property. Petitioner's concession necessarily acknowledges receipt of funds to purchase the listed property and eliminates any threshold requirement imposed by Llorente. See Tokarski v. Commissioner,

---

[1]     Petitioner also argues that he was assured that the plea agreement and the statement of facts would not be used against him in any other proceeding. This Court determined petitioner's argument to be without merit and denied his motion to dismiss for lack of jurisdiction on Apr. 15, 1993. We see no need to reconsider that decision.

[2]     In accordance with the doctrine of Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we would defer to Llorente v. Commissioner, 649 F.2d 152 (2d Cir. 1981), affg. in part, revg. in part and remanding 74 T.C. 260 (1980), if that case were applicable and this case were appealable to the Court of Appeals for the Second Circuit.

87 T.C. 74, 76-77 (1986). Therefore, petitioner bears the burden of proving that respondent's determination of deficiencies is erroneous. Rule 142(a).

II. Deficiencies in Tax

Petitioner assigns error to respondent's determination of deficiencies in tax on the grounds that respondent failed to consider the nontaxable sources of the amounts expended for the listed property.

In 1989, petitioner was adjudged guilty of money laundering and conspiracy to distribute cocaine. At petitioner's rearraignment on the charges that led to that judgment, the District Court was presented with the plea agreement and statement of facts, in which (when taken together) it is stated that petitioner had received illegal earnings from trafficking in cocaine, which were expended for certain property, including the listed property. During his rearraignment hearing, petitioner agreed that the plea agreement and the statement of facts were correct. In this Court, however, petitioner asks us not to credit the plea agreement and statement of facts, claiming that he entered into the plea agreement and agreed that the plea agreement and statement of facts were correct only to please the Government and to avoid further prosecution. He further claims that he earned no cash income from drug sales, being paid for his drug-connected activities in drugs that he consumed, and that the

expenditures for the listed property were financed "legitimately", using funds from his parents, from loans, and from lawful business ventures. Petitioner has failed to persuade us that that is the case. For instance, petitioner testified that his parents put up almost $9,000 towards the purchase of the 1985 Chevrolet Corvette. Petitioner's father died before 1985,[3] and neither his mother nor his stepfather testified at the trial in this case. Petitioner's mother worked as a secretary in the service department of an automobile dealership, and petitioner has given us no reason to believe that she had the wherewithal to help him with that automobile purchase. Petitioner has not shown that his mother and stepfather were unavailable, and we infer from their failure to testify that their testimony would have been negative to petitioner. McKay v. Commissioner, 886 F.2d 1237, 1238 (9th Cir. 1989), affg. 89 T.C. 1063 (1987); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Likewise, we draw a negative conclusion from petitioner's failure to offer any person's testimony or other evidence to support certain loans that petitioner claims account for the cash he expended in 1986 for certain of the listed property. Petitioner testified that

---

[3] Although the date of death of petitioner's father is not clear from the record, petitioner did not object to respondent's proposed finding of fact to that effect. Rule 151(e)(3).

some of the expenditures came from a painting company he owned, but he could not remember the name of that company. Also, petitioner's testimony that he was involved in drug dealing only to get drugs for his own use is made suspect by the testimony of Detective Thomas M. Lau of the Baltimore County Police Department. Detective Lau testified that he was introduced to petitioner as an individual who could arrange drug purchases. He also testified to petitioner's participation in (1) an approximately $20,000 drug transaction and (2) an aborted $100,000 drug transaction. We found Detective Lau credible. We do not think that petitioner's participation, as described by Detective Lau, is consistent with petitioner's testimony that he engaged in drug-related activities only to get drugs for personal use; rather, we think that petitioner's participation is consistent with drug-related activities for pecuniary benefit. In all substantial respects relating to the listed property, we find petitioner's testimony to be unbelievable, and we accord it no weight.

Petitioner acknowledges his expenditures for the listed property. Such expenditures are prima facie evidence of income (see Tokarski v. Commissioner, supra at 77), and, except with respect to one adjustment agreed to by the parties, petitioner has failed to prove that the amounts shown as expenditures came from nontaxable sources. Moreover, based on the plea agreement

and the statement of facts, we find that petitioner received proceeds from his illegal drug activities, which were expended to purchase the listed property, in total amounts as follows: 1985--$17,774; 1986--$179,209; 1987--$30,939.  Therefore, except as necessary to reflect that one adjustment, we sustain respondent's determination of deficiencies.[4]

III.  <u>Additions to Tax for Substantial Understatement of Liability</u>

Respondent also determined that petitioner substantially understated his income tax liability and is liable for the additions to tax under section 6661 for 1986 and 1987.  The amount of an addition to tax for a substantial understatement of income tax for a taxable year, which addition is assessed after October 21, 1986, equals 25 percent of the amount of any underpayment attributable to such substantial understatement.  Sec. 6661(a); <u>Pallottini v. Commissioner</u>, 90 T.C. 498, 500-503 (1988).  A substantial understatement of income tax is defined as an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the return for the year or $5,000, whichever is greater.  Sec. 6661(b)(1)(A).  Petitioner has assigned error to respondent's determination of a section

---

[4]  On brief, respondent states that $179,000 is the amount of the 1986 expenditures.  That amount is slightly different from the amount set forth in the notice of deficiency.  It appears that the brief is in error.

6661 addition to tax but has not averred any facts in support of that assignment. We assume that petitioner relies on our finding no (or reduced) deficiencies to support his assignment of error. Petitioner bears the burden of proof. Rule 142(a). We do not find any reduced deficiencies (except as necessary to take into account one adjustment agreed to by the parties); therefore, petitioner has failed to carry his burden of proof, and we sustain the determination of additions to tax under section 6661, modified to take account of the agreement of the parties.

IV. <u>Additions to Tax for Fraud</u>

Respondent also determined additions to tax for fraud under section 6653(b)(1) and (2) for 1985 and under section 6653(b)(1)(A) and (B) for 1986 and 1987. For 1985, section 6653(b)(1) imposes an addition to tax equal to 50 percent of any underpayment in tax if any part of the underpayment is due to fraud; section 6653(b)(2) imposes a separate addition to tax, equal to 50 percent of the interest payable under section 6601, determined on the portion of the underpayment attributable to fraud. For 1986 and 1987, section 6653(b)(1)(A) imposes an addition to tax equal to 75 percent of any underpayment in tax if any part of the underpayment is due to fraud; section 6653(b)(1)(B) imposes a separate addition to tax, equal to 50 percent of the interest payable under section 6601, determined on the portion of the underpayment attributable to fraud.

Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To prove that a taxpayer fraudulently underpaid a dollar of tax, respondent must prove both the fact of the underpayment and fraudulent intent with respect thereto. See, e.g., Recklitis v. Commissioner, 91 T.C. 874, 909 (1988). "Fraud is established by proving that the taxpayer intended to evade tax believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax." Id.

We have found that, based on the plea agreement and the statement of facts, petitioner received proceeds from illegal drug activities, which proceeds were not reported as income for the years in question, and sustained respondent's determination of deficiencies against petitioner (with one adjustment). We believe that the evidence in this case clearly and convincingly supports findings of underpayments in equal amounts. See sec. 6653(c)(1). Thus, the sole issue remaining for consideration in determining the applicability of the additions to tax for fraud is whether petitioner acted willfully to evade taxes known to be owing. We believe that he did, for each year, with respect to the totality of that year's underpayment.

Petitioner filed income tax returns for the years in question, establishing that he understood his obligation to file returns and pay tax. Petitioner's failure to report substantial

amounts of income over a period of years is evidence of fraudulent intent.  E.g., Truesdell v. Commissioner, 89 T.C. 1280, 1302 (1987).  The income that petitioner failed to report was generated by an illegal activity, viz, the sale of drugs.  We reasonably assume that persons who are engaged in illegal activity and who derive income therefrom generally do not report that income to conceal or mislead for the purpose of avoiding criminal prosecution with knowledge that taxes are avoided. Petitioner's failure to report income from the sale of drugs, thus, provides a basis for inferring intent to evade tax.  See, e.g., Baker v. Commissioner, T.C. Memo. 1991-340, affd. without published opinion 9 F.3d 1550 (9th Cir. 1993).  Petitioner tried to conceal the proceeds derived from his criminal activities by placing assets in the name of his mother.  That is evidence of fraudulent intent.  See Spies v. United States, 317 U.S. 492, 499 (1943).  We believe that petitioner's illegal drug activities were substantially engaged in for pecuniary gain, which gain would not be decreased if he could evade Federal income tax on his drug income.  Based on the record as a whole, we find that petitioner underpaid his tax for each of the years in question with the intent to evade a tax known to be owing.  In other words, petitioner acted fraudulently; he did so for each of the

years in question with respect to the totality of the underpayment for that year.

V.  Self-Employment Tax

The last issue is whether petitioner is liable for self-employment taxes.  A self-employment tax is imposed on income earned from self-employment.  Sec. 1401.  Respondent determined that petitioner was liable for self-employment taxes on account of income from drug trafficking in the amounts of $2,097, $1,324, and $5,387, for the years 1985, 1986, and 1987, respectively. Petitioner has assigned error to respondent's determination of self-employment taxes but has not averred any facts in support of that assignment.  We assume that petitioner relies on our finding that he received no (or a reduced amount of) income from drug trafficking to support his assignment of error.  Petitioner bears the burden of proof.  Rule 142(a).  Petitioner has failed to carry his burden of proof.  Therefore, we sustain the determination of self-employment taxes, modified only as necessary to take into account one adjustment agreed to by the parties.

To reflect the foregoing,

Decision will be entered
under Rule 155.