T.C. Memo. 2005-108


UNITED STATES TAX COURT



THOMAS GREENDYK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 10185-03.                Filed May 12, 2005.


        P failed to file a Federal income tax return for the
2000 year.  R subsequently determined a deficiency and
additions to tax, which P then contested primarily on the
basis of inapplicability of the filing requirement.

        <u>Held</u>:  P is liable for the deficiency determined by R
and for additions to tax under secs. 6651(a)(1) and 6654,
I.R.C.


<u>Philip A. Putman</u>, for petitioner.

<u>Jonae A. Harrison</u>, for respondent.


            MEMORANDUM FINDINGS OF FACT AND OPINION


    WHERRY, <u>Judge</u>:  Respondent determined a Federal income tax

deficiency for petitioner's 2000 taxable year in the amount of

$55,388, and additions to tax pursuant to section 6651(a)(1) and (2) in the amounts of $7,537.27 and $3,182.40, respectively, and pursuant to section 6654(a) in the amount of $1,670.89.[1]  After concessions,[2] the issues for decision are:

(1) Whether petitioner is liable for a deficiency in the amount of $55,388 for the 2000 taxable year;

(2) whether petitioner is liable for additions to tax under sections 6651(a) and 6654(a);

(3) whether the Court should impose a penalty, sua sponte, under section 6673.

## FINDINGS OF FACT

The exhibits admitted at trial are incorporated herein by this reference.[3]  At the time this petition was filed, petitioner resided in St. Davids, Pennsylvania.

In 2000, Petitioner received $117,307.32 in wages from Unisys Corporation (Unisys) and $60,745 in "stocks/bonds sales" and interest from E Trade Securities, Inc.  Unisys withheld

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] By answer, respondent conceded the sec. 6651(a)(2) addition to tax and sought a correlative increase of $837.48 in the sec. 6651(a)(1) addition to tax, for a total of $8,374.75, on grounds that the limitations contained in sec. 6651(c)(1) no longer applied.

[3] The parties did not file a stipulation of facts.

$20,815.04 in Federal income tax from petitioner's wages in 2000. As petitioner acknowledged in his petition, he did not file a tax return for 2000. This failure to file is also reflected by a Form 3050, Certification of Lack of Record, dated September 23, 2004. However, during 2001, petitioner wrote a lengthy "Affidavit Statement", addressed to the Internal Revenue Service, purportedly with respect to the 2000 taxable year, containing tax protester rhetoric. Respondent issued a notice of deficiency on March 24, 2003, and determined the above-stated deficiency and additions to tax. Petitioner timely filed a petition disputing the determinations.[4]

At trial, petitioner did not personally appear, nor did his representative introduce any evidence on his behalf. Respondent, in contrast, provided several documents in support of respondent's position. Among other things, respondent offered petitioner's Form W-2, Wage and Tax Statement, for the 2000 taxable year from Unisys showing the amount paid to petitioner and electronic representations of petitioner's checks from Unisys showing the amounts deposited.[5]

---

[4] The Court on June 25, 2003, filed as a petition a letter received from petitioner. By an order dated June 30, 2003, the Court directed petitioner to file an amended petition complying with the Rules of the Court as to form and content of a proper petition. Petitioner filed an amended petition on Nov. 10, 2003.

[5] The copies of petitioner's Form W-2 and electronic representations of petitioner's checks from Unisys for 2000 were
(continued...)

OPINION

## I.  Contentions of the Parties

Petitioner contends that he is not required to file a Federal income tax return for 2000.  Specifically, he asserts that he did not generate a sufficient amount of income to require him to file a return.  Petitioner further argues that since he did not have an income tax liability for the previous tax year, he is not required to file estimated taxes.  In addition, petitioner has a history of espousing tax protester arguments in opposition to the filing requirement of section 6011.

Respondent claims that petitioner earned income in the form of wages, interest, and capital gain for 2000.  Since petitioner did not appear at trial, nor did he or his counsel provide any evidence or documentation to the contrary, respondent contends that the determination of petitioner's tax liability and additions to tax are correct.

## II.  Petitioner's Income Tax Liability

### A.  General Rules

In general, the Commissioner's determination of a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving that respondent's determination is improper.

---

[5](...continued)
accompanied by the affidavit of a legal assistant employed by Unisys, who certified that they were true and correct copies of the originals.

Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The "presumption of correctness" is appropriate where respondent has furnished evidence linking the taxpayer to the "tax generating activity."  Gold Emporium, Inc. v. Commissioner, 910 F.2d 1374, 1378 (7th Cir. 1990), affg. Malicki v. Commissioner, T.C. Memo. 1988-559.  The Court is satisfied that respondent has provided sufficient evidence linking petitioner to the income underlying the statutory notice of deficiency.[6]  Although section 7491 may shift the burden to respondent in specified circumstances, petitioner here did not satisfy the prerequisites under section 7491(a)(1) and (2) for such a shift.  Consequently, except for additions to tax subject to section 7491(c), petitioner bears the burden of persuasion and the burden of production in this case.

B.   Filing Requirement

The Code imposes a Federal tax on the taxable income of every individual.  Sec. 1.  Gross income for the purposes of calculating taxable income is defined as "all income from whatever source derived".  Sec. 61(a).  Every U.S. resident individual whose gross income for the taxable year equals or exceeds the exemption amount is required to make an income tax return.  Sec. 6012(a)(1)(A).  Petitioner had gross income totaling $117,307 from wages and at least $60,745 from

---

[6] As previously mentioned, respondent provided petitioner's Form W-2 and electronic representations of checks from Unisys showing amounts paid to petitioner.

investments for taxable year 2000.  The filing threshold for spouses filing a joint return for taxable year 2000 was $12,950.[7] Petitioner's gross income exceeded the filing threshold for the 2000 taxable year, and petitioner was, therefore, required to file an income tax return.[8]

C.   Petitioner's Taxable Income

Petitioner did not attend the trial, nor did he file any briefs with the Court in support of his position.  While petitioner's counsel was present at trial to represent petitioner, neither petitioner nor petitioner's counsel offered any reason for petitioner's absence.  Presumably, many facts relevant to a determination of petitioner's taxable income would be peculiarly within petitioner's personal knowledge and purview. The fact that petitioner did not appear at trial and did not call any witnesses or present any evidence is an indication that any facts which could have been presented by him at trial would have

---

[7] Although petitioner does not allege that he was married at the end of 2000, petitioner indicated that his marital status on his Form W-4, Employee's Withholding Allowance Certificate, for 2001 was married.  In any case, the filing threshold for 2000 for the single filing status and married filing separately filing status were even lower, $7,200 and $2,800, respectively.

[8] In the "Affidavit Statement", contained in the record, petitioner makes reference to the constitutionality of the filing requirement.  Our tax system, the Code, and the Tax Court have been firmly established as constitutional.  Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984); Ginter v. Southern, 611 F.2d 1226, 1229 (8th Cir. 1979); Rev. Rul. 2005-19, 2005-14 I.R.B. 819.

been unfavorable to his position. See McKay v. Commissioner, 886 F.2d 1237, 1238 (9th Cir. 1989), affg. 89 T.C. 72 (1987); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946) ("The rule is well-established that the failure of a party to introduce evidence within his possession and which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable."), affd. 162 F.2d 513 (10th Cir. 1947); see also Little v. Commissioner, T.C. Memo. 1996-270 ("The Wichita Terminal presumption generally applies where the party failing to produce the evidence has the burden of proof."). Petitioner had the opportunity to call witnesses to testify, or testify himself, on his behalf. However, petitioner did neither. Petitioner also chose not to participate in the stipulation process. The Court therefore sustains the deficiency determined by respondent.

III. Additions to Tax

The Commissioner bears the burden of production in any court proceeding with respect to an individual's liability for penalties or additions to tax. Sec. 7491(c). To meet this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty or addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). In instances where an exception to the penalty or addition of tax is afforded upon a showing of reasonable

cause, the taxpayer bears the burden of showing such cause.  Id. at 447.  Respondent also has the burden of proof with respect to any increases in amount over those shown in the notice of deficiency.  Rule 142(a).

Section 6651(a)(1) provides for a 5-percent addition to tax for each month or portion thereof that the return is filed late, not to exceed 25 percent in the aggregate, unless such failure to file on time is due to reasonable cause and not due to willful neglect.  Although not defined in the Code, "reasonable cause" is viewed in the applicable regulations as the "exercise of ordinary business care and prudence".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs; see also United States v. Boyle, 469 U.S. 241, 246 (1985).  "Willful neglect" can be interpreted as a "conscious, intentional failure or reckless indifference."  United States v. Boyle, supra at 245.  With respect to section 6651(a) penalties, reliance on misguided constitutional beliefs is not reasonable. Edwards v. United States, 680 F.2d 1268, 1271 n.2 (9th Cir. 1982); see also Ginter v. Southern, 611 F.2d 1226, 1229 (8th Cir. 1979).

Based on the record in this case, the Court concludes that respondent's relevant burdens of production and proof have been met.  Specifically, respondent provided a Form 4340, Certificate of Assessment, Payments and Other Specified Matters, showing that petitioner did not file a return for the 2000 taxable year.

Petitioner has not provided any evidence that his failure to file was due to reasonable cause.  Therefore, the Court sustains the imposition of an addition to tax under section 6651(a)(1).

Section 6654(a) provides for an addition to tax for failure to pay estimated income tax where there has been an underpayment of estimated taxes by a taxpayer.  In general, taxes withheld on wages will be deemed a payment of estimated tax with an equal part of such amount withheld deemed paid on each due date for such taxable year.  Sec. 6654(g)(1).  The record indicates that petitioner made estimated tax payments for 2000 in the amount of $21,889.  However, the correct payment amount for 2000 was $26,955.50, and the Court finds that petitioner's estimated tax payments were not sufficient to avoid an addition to tax.  Petitioner did not appear at trial or submit a brief, and he has, therefore, not demonstrated that his situation falls within any of the specified exceptions under section 6654(e).  Therefore, the Court will enter a decision that petitioner is also liable for this addition to tax in the amount of $300.70 as computed in respondent's Exhibit 6-R.

IV.  Section 6673 Penalty

Section 6673 allows this Court to award a penalty to the United States in an amount not in excess of $25,000 for proceedings instituted by the taxpayer primarily for delay or for proceedings in which the taxpayer's position is frivolous or

groundless. "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)(imposing penalties on taxpayers who made frivolous constitutional arguments in opposition to the income tax). Courts have ruled that constitutional defenses to the filing requirement, such as petitioner has apparently espoused, are groundless and wholly without merit. Ginter v. Southern, supra at 1229; see also Williams v. Commissioner, T.C. Memo. 1999-277; Morin v. Commissioner, T.C. Memo. 1999-240; Sochia v. Commissioner, T.C. Memo. 1998-294 (all of which imposed a section 6673 penalty for tax protester arguments).

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments. Both appellants say that the penalties stifle their right to petition for redress of grievances. But there is no constitutional right to bring frivolous suits, see Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). People who wish to express displeasure with taxes must choose other forums, and there are many available. * * * [Coleman v. Commissioner, supra at 72.]

Respondent has not sought a section 6673 penalty in this case, and the Court declines to impose such a penalty today. Petitioner did not submit any frivolous documents directed to the Court, although such arguments were submitted to petitioner's

employer, Unisys.  Neither petitioner nor his attorney submitted a brief on petitioner's behalf or presented any frivolous arguments.  The Court, therefore, concludes that it is not appropriate to impose a penalty in the instant case, but the Court explicitly admonishes petitioner that he may, in the future, be subject to a penalty under section 6673 for any proceedings instituted or maintained primarily for delay or for any proceedings which are frivolous or groundless.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing and concessions made by respondent,

> An appropriate decision will be entered for respondent with respect to the deficiency and additions to tax under sections 6651(a)(1) and 6654 and for petitioner with respect to the addition to tax under section 6651(a)(2).